UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60594-SMITH/VALLE

RICHARD BURKE,

     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____/

**REPORT AND RECOMMENDATION ON**
**PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES**

THIS MATTER is before the Court on Plaintiff Richard Burke's Unopposed Motion for

Attorney Fees pursuant to the Equal Access to Justice Act (the "EAJA") (the "Motion") (ECF

No. 25), which has been referred to the undersigned by U.S. District Judge Rodney Smith.  (ECF

Nos. 2, 6).

On March 17, 2021, the District Court granted Defendant's Unopposed Motion for Entry

of Judgment with Reversal and Remand, pursuant to Sentence Four of 42 U.S.C. §405(g).  *See*

(ECF Nos 23, 24).  Plaintiff now seeks an award of his attorney's fees and costs incurred in this

case under the EAJA, 28 U.S.C. § 2412.  *See generally* (ECF Nos. 25, 25-1, 25-2).  Defendant

does not oppose the Motion.  (ECF No. 25 at 1, 4).

Under the EAJA, a court generally must award reasonable attorney's fees to any party

prevailing in litigation against the United States, unless the United States' position was

"substantially justified" or "special circumstances make an award unjust."  *See* 28 U.S.C. §

2412(d)(1)(A).  The court may also award litigation costs, as listed in 28 U.S.C. § 1920.  *See* 28

U.S.C. § 2412(a)(1).

1

Plaintiff asserts (and Defendant does not dispute) that he is the prevailing party, and that Defendant's position was not substantially justified "as evidenced by the Commissioner's voluntary request for remand." *See* (ECF No. 25 at 1, 2). Thus, the only remaining issue is whether Plaintiff's requested attorney's fees and costs are reasonable.

## I.      ATTORNEY'S FEES

Plaintiff seeks an award of $3,740.04 in attorney's fees. (ECF Nos. 25 at 1, 3, 4, 25-1 at 1-2). The attorney's fees result from 21 hours of work performed by three attorneys between January 2020 and April 2021, minus a reduction of $623.34 "for the purpose of settlement." *See* (ECF Nos. 25 at 3, 25-1). Although the EAJA sets a ceiling of $125 per hour for attorney's fees, courts may raise the ceiling based on increases in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff asserts (and Defendant does not dispute) that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $207.78 per hour. *See* (ECF No. 25 at 2-3).

Given the unopposed nature of the Motion, and having reviewed Plaintiff's counsel's itemized time entries, (ECF No. 25-1), the undersigned finds that Plaintiff's request for attorney's fees is reasonable. *See, e.g.*, *Carter v. Comm'r of Soc. Sec.*, No. 6:13-CV-931-ORL-22, 2014 WL 5454391, at *1 (M.D. Fla. Oct. 27, 2014) (adopting recommendation that plaintiff's request for attorney's fees and costs be granted in full given the United States' lack of opposition); *Washington v. Comm'r of Soc. Sec.*, No. 8:08-CV-1614-T-27TGW, 2010 WL 256549, at *2 (M.D. Fla. Jan. 21, 2010) (same); *Torres v. Comm'r of Soc. Sec.*, No. 6:07-CV-1384-ORL-18KRS, 2009 WL 35282, at *1 (M.D. Fla. Jan. 6, 2009) (same).

## II.    COSTS

In addition, Plaintiff requests a total of $21 for service of process of the complaint by certified mail on the three Defendants ($6.95 x 2 and $7.10 x 1).[1]  *See* (ECF No. 25 at 1, 3, 4, 25-2).  Generally, under the EAJA, the prevailing party is entitled to compensation for costs "as enumerated in section 1920 . . . ."  28 U.S.C. § 2412(a)(1).  In turn, 28 U.S.C. § 1920(1) permits recovery of fees for private service of process, as long as they do not exceed the fees permitted by the statute.  *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009).  In this regard, the Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that for process served by mail, the Marshals Service charges $8 per item mailed. 28 C.F.R. § 0.114(a)(2).  Consequently, the undersigned finds that Plaintiff should recover $21 for service of process on three Defendants.  *See also Powers v. Comm'r of Soc. Sec.*, No. 3:19-CV-586-J-PDB, 2020 WL 1046824, at *3 (M.D. Fla. Mar. 4, 2020) (awarding plaintiff $20.55 for service of process of three copies of the complaint by certified mail).

## III.    RECOMMENDATION

Accordingly, the undersigned respectfully recommends that Plaintiff's Unopposed Motion for Attorney Fees pursuant to the EAJA (ECF No. 25) be **GRANTED**.  Plaintiff should be awarded a total of **$3,740.04** in fees and **$21** in service of process costs, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

---

[1] Although Plaintiff proceeded *in forma pauperis* and service of process was effectuated by the U.S. Marshal Service, *see* (ECF No. 4), service on the Commissioner of Social Security was initially unsuccessful.  (ECF Nos. 5, 11).  Plaintiff then effectuated service on all three parties by U.S. Postal Service Certified Mail.  (ECF Nos. 12, 14-18).

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R.  3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on June 4, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Rodney Smith
Counsel of Record